UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ROBBIE WRIGHT**                                                                                    **PLAINTIFF**

v.                                                                                         No. 3:21-cv-563-BJB

**STATE FARM MUTUAL AUTOMOBILE**                                                **DEFENDANTS**
**INSURANCE CO., ET AL.**

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Robbie Wright alleges he suffered injuries in 2020 after a car struck him and his scooter. Complaint (DN 1-1) ¶ 2; Answers to Interrogatories No. 5 (DN 1-1) at 5. According to the complaint, the car's driver is both unknown and uninsured. Complaint ¶ 19. So Wright submitted a claim for underinsured-motorist and no-fault benefits to his insurer, State Farm, for his medical expenses and other injuries. ¶ 18. After State Farm denied the claim, ¶ 22, Wright filed this lawsuit against State Farm and an unknown defendant in state court, (DN 1-1). The complaint seeks reimbursement for medical expenses, lost wages, statutory penalties, attorney fees, and damages for a breach of contract, and damages under the Kentucky Unfair Claims Settlement Practices Act (UCSPA). DN 1-1.

Discovery commenced in state court and State Farm asked Wright to "admit" that his "claims for all damages against Defendant State Farm … do not exceed $75,000." Response to Requests for Admission (DN 1-1) at 81. To which Wright responded, "DENY." *Id.* State Farm removed the case to this Court on the ground that the parties' citizenship was diverse and the amount in controversy exceeded $75,000. *See* Notice of Removal (DN 1) at 2. Wright now seeks to remand the case back to state court, arguing that the amount in controversy was less than the $75,000 jurisdictional threshold at the time of removal. Motion to Remand (DN 10) at 1.

Because Wright's claimed damages, interrogatory responses, and first amended complaint indicate that he seeks more than $75,000, however, removal was appropriate and the Court denies Wright's motion.

\*

Federal law permits defendants to assert, in their notice of removal, that the amount in controversy exceeds $75,000 based on a review of the pleadings and calculations of expected damages. 28 U.S.C. § 1446(c)(2). But defendants who remove must persuade the court to find "by a preponderance of the evidence that § 1332's

amount-in-controversy" exceeds $75,000. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir 2019) (quoting 28 U.S.C. § 1446(c)(2)).

To meet this burden, Congress has provided and courts have explained that a defendant may use state-court interrogatories and requests for admissions to show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(3) (state-court discovery responses may clarify amount in controversy); *Halsey v. AGCO Corp.*, 755 F. App'x 524, 528 (6th Cir. 2018); *Shannon v. PNC Bank, N.A.*, No. 3:14-cv-421, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015). If a plaintiff refuses to deny that damages do *not* exceed the jurisdictional minimum, the court may infer that a "plaintiff thinks his claim may be worth more" than $75,000. *Halsey*, 755 F. App'x at 528 (quotation omitted); *see Miller v. Malik*, No. 11-cv-74, 2011 WL 2968428, at *2 (E.D. Ky. July 20, 2011) (collecting cases). After removal, a plaintiff may "clarif[y]" the amount in controversy by unequivocally specifying the amount in controversy for the first time. *Heyman*, 781 F. App'x at 469–70; *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013) ("plaintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding $75,000…."). But a plaintiff may not "change" the amount in controversy after removal to avoid federal jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir. 2000) ("post-removal actions by the plaintiff cannot deprive a court of diversity jurisdiction"). Instead, federal courts must assess the amount in controversy as of the time of removal. *Id.* at 871–72.

\* \*

In compliance with Kentucky Rule of Civil Procedure 8.01, Wright's complaint did not specify the amount in controversy. Instead, it explained that Wright sought damages for:

> temporary and permanent injuries, causing great physical, emotional, and mental pain and anguish and the loss of enjoyment of life, and [Wright] will continue to suffer such damage in the future; [Wright] has lost wages and that his ability to earn wages in the future is impaired; and, [Wright] has incurred large sums of money for physicians and medical expenses in treatment of said injuries and will be required to incur large sums of money for physicians and medical expenses in the future, his injuries being permanent in nature.

Complaint ¶ 10.

So during discovery State Farm asked Wright to list "each and every injury or item of damage [he] is claiming as a result of this accident." Answer to Interrogatory No. 13 (DN 1-1) at 64. Wright responded that he sought a judgment exceeding $149,715.43 in medical costs, $5,000,000 in damages for "past, present, and future pain and suffering," in addition to out-of-pocket expense, lost wages, loss of household

services, and other expenses. *Id.* at 65 (cleaned up). Neither the complaint nor the interrogatory distinguished between the liability of State Farm, as opposed to the unnamed defendant whose car allegedly struck Wright.

The remand motion attempts to clarify that most of those damages are attributable to the unnamed defendant. Wright argues that State Farm's liability is limited to $25,000 in uninsured/underinsured motorist benefits, $10,000 in no-fault benefits, 18% statutory interest, and attorney fees under the Kentucky Motor Vehicles Reparations Act (MVRA). Remand Motion at 4–5. Because the attorney fees at the time of removal remained far less than $40,000, he contends, the amount-in-controversy is too low for federal jurisdiction. *Id.*

Four days after filing his motion to remand, Wright filed an amended complaint in this Court. That pleading alleged that the "amount in controversy exceeds the jurisdiction requirements of this Court." FAC at 2 ¶ 4. Although State Farm's opposition brief noted this apparent admission, Opp. Br. (DN 19) at 9, Wright didn't file a reply brief or otherwise deny this recent allegation.

\* \* \*

The Court concludes that the amount in controversy at the time of removal exceeded $75,000. Insurance benefits of $35,000 are undisputed. The question is whether State Farm has shown by a preponderance that the remaining amounts claimed exceed $40,000. For several reasons, it has.

First, Wright's responses to State Farm's requests for admissions denied that he sought no more than $75,000. Interrogatory (DN 1-2) at 81. The Sixth Circuit has explained that when a plaintiff denies that his request for damages falls beneath jurisdictional minimums, the Court may "infer[] that [he] thinks his claims may be worth more" than $75,000. *Halsey*, 755 F. App'x at 528 (quotation omitted); *see Miller*, 2011 WL 2968428, at \*2–3.

Second, Wright's post-removal amended complaint states that the amount he claims "exceeds the jurisdiction[al] requirements of this court." FAC (DN 16) ¶ 4. This federal-court filing, like the state-court discovery responses, is a type of document that may clarify the amount in controversy. *See Naji v. Lincoln*, 665 F. App'x 397, 400–01 (6th Cir. 2016); *Halsey*, 755 F. App'x at 528; *Shannon*, 2015 WL 3541850, at \*3. To be sure, this amount may include damages Wright would seek only from the unnamed defendant. And those damages can't push the amount in controversy over the jurisdictional threshold for the claims against State Farm. *See Gibson v. Am. Min. Ins. Co.*, No. 8-cv-118, 2008 WL 4602747, at \*3 (E.D. Ky. Oct. 16, 2008) (Thapar, J.) (discussing *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 560 (2005)). But neither the First Amended Complaint nor the remand motion attempt to disentangle these amounts or otherwise walk back Wright's allegation

3

that the amount in controversy "exceeds the jurisdiction[al] requirements of this court." FAC ¶ 4.

Third, Wright seeks damages under the MVRA and the UCSPA. The MVRA imposes an 18% annual interest rate on an insurer that refuses to pay no-fault benefits without a reasonable foundation. KRS § 304.39-220(1); *see Risner v. State Farm Mut. Auto Ins. Co.*, No. 14-cv-41, 2014 WL 5431284, at *2 (E.D. Ky. Oct. 23, 2014). Many decisions assume a two-year timeline to move a case from initial pleading to final judgment. *See, e.g., Offutt v. Kemper Corp.*, No. 3:18-cv-438, 2019 WL 1427558 (W.D. Ky. Mar. 29, 2019); *Mathis v. Encompass Ins. Co.*, No. 08-cv-12838, 2008 WL 4279357, *2 (E.D. Mich. Sept. 15, 2008). This would add $3,600 to the amount in controversy. *Naji*, 665 F. App'x at 401–02. Wright also asserts a violation of the USCPA, which subjects an insurance company's failure to timely settle claims to a 12-percent per year penalty. KRS § 304.12-235(2); *see Hamilton Mut. Ins. Co. of Cincinnati v. Barnett*, No. 2007-ca-29, 2008 WL 3162321, at *5 (Ky. Ct. App. Aug. 8, 2008). This would amount to $8,400 over two years, according to State Farm. Wright hasn't disputed these amounts, which would add $12,000 to the undisputed damages request, raising the amount in controversy to $47,000.[1]

Fourth, the Sixth Circuit has held that "where a statute mandates or expressly allows the payment of [attorney] fees," the amount is factored into the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Wright seeks damages under the MVRA, which provides for attorney fees for claimants whose insurance benefits were denied "without reasonable foundation." *See* KRS § 304.39-220(1). And Wright claims that State Farm denied his benefits "without reasonable foundation," which obviously implicates the provision.

---

[1] Whether the diversity-jurisdiction statute, § 1332(a), excludes statutory interest such as the amounts at issue here has generated a split within the Sixth Circuit. In *Clark v. National Travelers Life Insurance Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975), the court described as "settled" law "that the statutory penalty … can be considered in determining whether the jurisdictional amount is met." Other Sixth Circuit panels have come to the same conclusion. *See, e.g., Naji*, 665 F. at 402 ("future compensations that are claimed in the complaint are included in the amount in controversy"). And several district courts have cited *Clark* to permit the inclusion of statutory interest in amount-in-controversy calculations. *See, e.g., Irvin v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-cv-690, 2020 WL 4004808, at *3 *(W.D. Ky. July 15, 2020); *Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 926–27 (E.D. Mich. 2007) (collecting cases).

A recent unpublished Sixth Circuit opinion, however, reached the opposite conclusion and held (without citing *Clark*) that § 1332(a) disallows consideration of even statutory interest in calculating the amount in controversy. *Heyman*, 781 F. App'x at 475 (construing KRS §304.12-235(2)).

Whether the MVRA and UCSPA amounts are considered interest or penalties, however, is not contested by Wright and not dispositive here. The amount in controversy exceeds $75,000 whether or not the $12,000 claimed under the MVRA and UCSPA is included.

4

Complaint ¶ 16. But Wright uses the wrong measure of attorney fees. He appears to count only the fees incurred as of the time of removal. But the proper amount is the fees *to be incurred during the entire case*, as anticipated at the time of removal. *See Heyman*, 781 F. App'x at 473–74 & n.2. The Sixth Circuit has recognized the amount in controversy includes statutorily authorized attorney that are expected to result from a favorable judgment. *Williamson*, 481 F.3d at 377; *Naji*, 665 F. App'x at 402. Attorney fees for a case litigated from complaint to jury trial would quite likely and reasonably exceed $28,000.01.

Fifth, Wright asserts a claim for bad-faith settlement under the KUCSPA. Complaint ¶ 17 (claiming damages for violations of KRS § 304.12-230). The Kentucky Supreme Court and the Sixth Circuit regard such a claim as one for statutory bad faith. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 532 (6th Cir. 2006) (citing *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 515 (Ky. 2006)). At trial, such a claim would entitle Wright to a jury instruction on punitive damages. *See Wittmer v. Jones*, 864 S.W.2d 885, 890–91 (Ky. 1993) (If the insurer denied benefits in bad faith, a claimant is "entitled to an instruction permitting an award of punitive damages."). And Wright has demanded "any and all damages permitted under Kentucky law." Complaint ¶ 22. State Farm expressly raised this possible recovery in its discovery requests and remand opposition, yet Wright hasn't disclaimed the demand. Opp. Br. at 3, 6–7.

If punitive damages are included, the amount in controversy clearly meets the jurisdictional minimum. "The Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1." *Heyman*, 781 F. App'x at 473 (quoting *Lovelace v. Stonebridge Life Ins. Co.*, No. 1:13-cv-138, 2013 WL 5797860, at *2 (W.D. Ky. Oct. 28, 2013). And the Kentucky Supreme Court has gone so far as to endorse a punitive-to-compensatory damages ratio of nine-to-one. *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 383 (Ky. 2000). Even if the Court assumed a much more modest compensatory-to-punitive ratio of one-to-one, as State Farm explained, the benefits, attorney fees, penalties, and punitive damages would together easily amount to more than $75,000.

## ORDER

The Court denies Wright's motion to remand (DN 10).

Benjamin Beaton, District Judge
United States District Court

March 21, 2022