UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00563-GNS-CHL

ROBBIE WRIGHT                                                                                       PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and
UNKNOWN DEFENDANT                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration (DN 72). The motion is ripe for adjudication. For the following reasons, the motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Robbie Wright ("Wright") maintained an auto insurance policy (the "Policy") with Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (*See* Def.'s Mot. Summ. J. Ex. V, DN 55-23 [hereinafter Policy]). On either June 25 or June 26, 2020, Wright rented a Bird Scooter to commute home from work and alleges that he was struck by a vehicle when crossing an intersection. (Wright EUO 16:8-25, 39:15-24, DN 55-2; Wright Dep. 46:3-9, June 26, 2022, DN 55-6). Wright has stated that the driver exited the vehicle and spoke with him, but Wright did not ask for the person's name or insurance information. (Wright EUO 28:11-29:10, 29:17-30:22; Wright Dep. 53:20-54:1). The driver left the scene at some point afterwards, and no emergency vehicle arrived. (*See* Wright EUO 29:17-30:22; Wright Dep. 53:20-54:1). Wright later underwent three surgeries on his leg—one on the night of the accident, another surgery nearly a month later, and a final surgery around a year later. (Wright Dep. 70:13-71:9).

State Farm received notice of the accident on July 31, 2020. (*See* Def.'s Mem. Supp. Mot. Summ. J. 10, DN 55-1; Pl.'s Resp. Def.'s Mot. Summ. J. 7, DN 64). State Farm began investigating Wright's claim and indicated that it believed the claim may not be covered. (*See* Def.'s Mot. Summ. J. Ex. Q, at 1-2, DN 55-18).

Wright filed the instant suit in Jefferson Circuit Court (Kentucky), and State Farm removed it to this Court. (*See* Compl., DN 1-1; Notice Removal, DN 1). Wright filed an Amended Complaint seeking payment of uninsured motorist ("UM") or underinsured motorist ("UIM") benefits, PIP/basic reparation benefits, an 18% statutory penalty pursuant to KRS 304.38-210(2) for the delay in paying PIP benefits, and attorney's fees pursuant to KRS 304.39-220(1). (Am. Compl. 3-4, DN 16). This Court granted partial summary judgment for State Farm on Wright's claims for payment of UM and UIM motorist benefits. (Mem. Op. & Order, DN 70). Wright has filed this motion requesting the Court to reconsider the UM and UIM claim. (Pl.'s Mot. Recons., DN 72).

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    STANDARD OF REVIEW

While the Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider, courts analyze such motions as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Rule 60(b). *See Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *1 (W.D. Ky. Jan. 9, 2017).

The moving party has the burden of showing entitlement to relief. *See Ayers v. Anderson*, No. 3:16-CV-00572-CRS, 2018 WL 3244410, at *1 (W.D. Ky. July 3, 2018) (citation omitted).

Fed. R. Civ. P. 59(e) gives district courts an opportunity to fix their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). Granting a Rule 59(e) motion is appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted). Such motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

In general, a motion to reconsider is not a platform to relitigate arguments previously considered and rejected. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003). "[F]acts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying the motion to reconsider where the plaintiff failed to submit the evidence in question prior to the entry of the order and failed to show good cause why he could not have done so). A motion to reconsider may also not "be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (citation omitted).

State Farm's motion for summary judgment was previously before the Court. (See Def.'s Mot. Summ. J., DN 55). In ruling on such motions, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a

3

genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

### IV.   DISCUSSION

Wright requests the Court to reconsider the partial summary judgment in favor of Statement Farm on his claim for benefits, which was granted because Wright could not meet the requirements for the UM and UIM coverage. (Pl.'s Mot. Recons. 1; Mem. Op. & Order 9-10). State Farm originally contended that Wright failed to establish entitlement to UM and UIM benefits, and the Court agreed. (Def.'s Mem. Supp. Mot. Summ. J. 20-24).

Wright must first satisfy the requirements for reconsideration of the prior ruling. Wright characterizes the basis of the Court's holding State Farm as granting summary judgment because Wright could not prove the driver was uninsured because the driver's identity was unknown. (Pl.'s Mot. Recons. 1). Wright now contends that the UM and UIM policy covered "scenarios where

4

the owner and driver remain unknown." (Pl.'s Mot. Recons. 2-3). Wright points to sections of the Policy providing details of UM and UIM coverage that the Court overlooked as a mistake of fact. (Policy (PageID # 539-41)). In relevant part, the Policy provides:

> Uninsured Motor Vehicle means a land motor vehicle:
> 1. the ownership, maintenance, and use of which is:
>    a. not insured or bonded for bodily injury liability at the time of the accident;
>    or
>    b. insured or bonded for bodily injury liability at the time of the accident;
>    but
>    (1) the limits are less than required by the Motor Vehicle Reparations Act of Kentucky; or
>    (2) the insuring company:
>       (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
>       (b) is or becomes insolvent; or
> 2. ***the owner and driver of which remain unknown and which causes bodily injury to the insured.*** If there is no physical contact between that land motor vehicle and the insured or the vehicle the insured is occupying, then the facts of the accident must be corroborated by a disinterested person who witnessed the accident. You, resident relatives, and persons occupying the same vehicle as the insured are not disinterested persons.

(Policy (PageID # 539) (emphasis added)).

It is clear that the second definition of "uninsured motor vehicle" controls. There is no question that the owner and driver that reportedly struck Wright remains unknown. Wright has appropriately identified both "a clear error of law" and portions of the record that this Court must reconsider in order to prevent "manifest injustice." *See Schlaud*, 785 F.3d at 1124 (citation omitted). The Court grants Wright's motion to reconsider and evaluates his argument in turn.

"Under Kentucky law, the party seeking to establish coverage bears the burden of establishing that the incident at issue was within the scope of the policy." *Secura Ins. Co. v. Gray Constr., Inc.*, 717 F. Supp. 2d 710 (W.D. Ky. 2010) (quoting *N. Am. Accident Ins. Co. v. White*, 80 S.W.2d 577, 578 (Ky. 1935)), *modified on clarification* (July 12, 2010). To satisfy this burden

in the context of an uninsured motorist, a claimant need only provide sufficient proof to "convince the trier of facts that all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless." *Motorists Mut. Ins. Co. v. Hunt*, 549 S.W.2d 845, 847 (Ky. App. 1977) (quoting *Merchants Mut. Ins. Co. v. Schmid*, 288 N.Y.S.2d 822, 825 (Sup. Ct. 1968)).

Wright met his initial burden by citing the relevant portion of the Policy, and State Farm has failed to rebut it at this stage in order to justify summary judgment as to this claim.[1]  State Farm argues that coverage for a "hit and run" only applies to situations where "the other driver flees the accident scene and the insured has no opportunity to identify the other driver." (Def.'s Resp. Pl.'s Mot. Recons. 6).  This contention flies in the face of the Policy definition of uninsured motor vehicle as one for which the owner and driver are unknown. (Policy (PageID # 539).

State Farm raises arguments regarding the notice provision and contends that Wright should have reported the accident to the police under the Policy as soon as practicable and to State Farm within 30 days. (Def.'s Resp. Pl.'s Mot. Recons. 7-10; Policy (PageID # 544)).  There is no need to revisit this portion of the Court's analysis.  These arguments should have been raised in the initial motion for summary judgment and do not bear on the claims that the Court has been properly asked to reconsider.  *See Am. Marietta Corp.*, 59 F. App'x at 672.

---

[1] Wright cites *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872 (Ky. 2006), but this case is inapposite. (Pl.'s Mot. Recons. 3-4).  *Dowell* addressed a UM policy whichdefined an uninsured motor vehicle as one "to which no bodily injury liability bond or policy **applies** at the time of the accident." *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 876 (Ky. 2006) (emphasis added).  The court held that "when an unidentified negligent motorist causes bodily injury and conceals himself, no liability insurance applies" and concluded that the policy provided coverage. *Id*. at 877.  The language of the Policy in this case is materially different  as the definition to uninsured motor vehicle does not include the word, "applies." (Policy (PageID # 539-41)).

6

Accordingly, Wright's motion to reconsider is granted and the prior decision as to the UM and UIM claims is vacated. State Farm's other arguments, State Farm's motion for summary judgment is therefore denied. (*See* Mem. Op. & Order 9-10).

V. <u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (DN 72) is **GRANTED**, and the Court's previous Order (DN 70) is **VACATED** as to the UM and UIM claim. Defendant's Motion for Summary Judgment (DN 55) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

May 22, 2025

cc: counsel of record